JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RONALD SPERA

**DEFENDANTS**
TEKNI-PLEX, INC.

**(b)** County of Residence of First Listed Plaintiff _____ Bucks _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____ Delaware _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102
215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane    [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability    [ ] 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander    Personal Injury | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | Liability    [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine    Injury Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability    **PERSONAL PROPERTY** | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle    [ ] 370 Other Fraud | | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle    [ ] 371 Truth in Lending | **LABOR** | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | Product Liability    [ ] 380 Other Personal | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal    Property Damage | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | Injury    [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | [ ] 362 Personal Injury - Medical Malpractice | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY**    **CIVIL RIGHTS**    **PRISONER PETITIONS** | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation    [ ] 440 Other Civil Rights    **Habeas Corpus:** | | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure    [ ] 441 Voting    [ ] 463 Alien Detainee | | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment    [X] 442 Employment    [ ] 510 Motions to Vacate Sentence | | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land    [ ] 443 Housing/ Accommodations    [ ] 530 General | | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability    [ ] 445 Amer. w/Disabilities - Employment    [ ] 535 Death Penalty | | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property    [ ] 446 Amer. w/Disabilities - Other    **Other:** | | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education    [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 621, et seq.; 43 P.S. § 951, et seq.
Brief description of cause:
Plaintiff was discriminated and retaliated against based on his age in violation of federal and state law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE  09/15/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

RONALD SPERA                          :          CIVIL ACTION
                                      :
            v.                        :
                                      :
TEKNI-PLEX, INC.                      :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                        ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                   ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.        (x)


09/15/2023                                                         Plaintiff, Ronald Spera
_____        _____          _____
**Date**                   **Attorney-at-law**                **Attorney for**

215-545-7676               215-689-4137                  Kevinconsole@consolelaw.com
_____        _____          _____
**Telephone**              **FAX Number**                **E-Mail Address**


**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Levittown, PA 19056 _____

Address of Defendant: _____ 460 E. Swedesford Rd., Suite 3000 Wayne, PA 19087 _____

Place of Accident, Incident or Transaction: _____ Wayne, PA _____

---

***RELATED CASE, IF ANY:***

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/15/2023 _____ _____ 317235

*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.* ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

*B.* ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Kevin Console _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 09/15/2023 _____ _____ 317235

*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RONALD SPERA**<br>Levittown, PA 19056<br><br>       Plaintiff,<br><br>   v.<br><br>**TEKNI-PLEX, INC.**<br>460 E. Swedesford Road, Suite 3000<br>Wayne, PA 19087<br><br>       Defendant. | CIVIL ACTION NO. |

**COMPLAINT**

I.  **INTRODUCTION**

Plaintiff, Ronald Spera ("Plaintiff"), brings this action against his former employer, Tekni-Plex, Inc. ("Defendant"), for discriminating against Plaintiff based upon his age and retaliating against Plaintiff based on his complaints of discrimination, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

Defendant's unlawful conduct includes failing to compensate Plaintiff as much as younger employees due to his age, and terminating Plaintiff's employment, at age sixty-seven (67), after more than twelve (12) years of service, for false and pretextual reasons, shortly after Plaintiff complained of Defendant's age discriminatory practices.

Plaintiff seeks damages, including back pay, front pay, compensatory damages, liquidated damages, attorneys' fees and costs, and all other relief that this Court deems appropriate.

1

## II.    PARTIES

1.    Plaintiff is an individual and a citizen of Pennsylvania. Plaintiff resides in Levittown, Pennsylvania.

2.    Plaintiff was born in 1954. Plaintiff is currently sixty-nine (69) years of age.

3.    Plaintiff was sixty-seven (67) years of age as of when Defendant terminated his employment, effective February 11, 2022.

4.    Defendant is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania.

5.    Defendant is headquartered and maintains a principal place of business in Wayne, PA.

6.    During Plaintiff's employment with Defendant, Plaintiff primarily worked at Defendant's Wayne, PA offices.

7.    At all relevant times, Defendant employed twenty (20) or more employees.

8.    At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9.    At all relevant times, Defendant acted as an employer within the meaning of the statutes that form the basis of the matter.

10.    At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes that form the basis of the matter.

## III.    JURISDICTION AND VENUE

11.    The causes of action that form the basis of the matter arise under the ADEA and the PHRA.

12.     The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. §1331.

13.     The District Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

14.     Venue is proper in this District Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

15.     On or about February 15, 2022, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and Equal Employment Opportunity Commission ("EEOC") complaining of the acts of discrimination alleged herein (the "Complaint of Discrimination"). Attached hereto, incorporated herein, and marked as Exhibit 1 is a true and correct copy of Plaintiff's Complaint of Discrimination (with personal identifying information redacted).

16.     On June 20, 2023, the EEOC issued Plaintiff a Notice of Right to Sue regarding his Complaint of Discrimination. Attached hereto, incorporated herein, and marked as Exhibit 2, is a true and correct copy of the notice.

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     <u>FACTUAL ALLEGATIONS</u>

18.     Plaintiff was hired by Defendant on or about August 3, 2009.

19.     Plaintiff had more than twelve (12) years of service at Defendant.

20.     Plaintiff consistently performed his job duties in a highly competent manner.

21.     Plaintiff last held the position of Vice President, Global Human Resources.

3

22.     Plaintiff last reported to Beth Albright ("Albright") (55[1]), Chief Human Resources Officer, who reported to Brenda Chamulak ("Chamulak") (50), Chief Executive Officer.

23.     On or about August 11, 2021, Plaintiff began reporting to Albright.

24.     Plaintiff was the oldest employee reporting to Albright.

25.     At the time of Plaintiff's termination, the following employees reported to Albright:

(a)  Lindsay Walker ("Walker") (41), Vice President, Global Human Resources, Healthcare Division;

(b)  Susie Bernholdt ("Bernholdt") (44), Senior Director, Global Talent Management;

(c)  Emre Memecan ("Memecan") (50), Vice President, Global Human Resources, Consumer Products Division;

(d)  John Martino ("Martino") (50), Senior Director, Global Human Resources Operations.

26.     Plaintiff was as, if not more, qualified for each of these employees' positions, except for Bernholdt's position.

27.     In June 2018, Defendant hired Bernholdt (44).

28.     In March 2020, Defendant hired Walker (41).

29.     On or about August 25, 2021, Plaintiff had a meeting with Albright and David Waksman (55), General Counsel and Chief Legal Officer.

30.     During the meeting, Plaintiff asked why he was not provided with a similarly valued stock option award like his peers were provided, and why he was only provided a far lesser valued cash long term incentive plan.

---

[1] All ages herein are approximations.

31.    Plaintiff was told that his concerns would be investigated.

32.    Plaintiff received no follow-up to his above request.

33.    On November 15, 2021, in an email to Albright, Plaintiff complained of age

discrimination and stated the following:

> I am following up on an issue we discussed on or around Aug 25 concerning Tekni-Plex stock option awards.
>
> I learned then that I was one of only four senior-level employees who did not receive a Stock Option LTIP in Feb 2018, following TPI's purchase by Genstar. All four of us had been prior optionees under the previous private equity owner NQSO plan. Instead, the four of us received a Cash LTIP in May 2018.
>
> Both the cash and the options awards are triggered by a Change Of Control. However, while the cash is only paid out upon a transaction and its value capped, a portion of the options vest over a time-based schedule and the grant value is uncapped.
>
> As we discussed in August, the potential value of the Cash LTIP pales in comparison to the potential value of the Stock Option LTIP. At the perceived 'target' 2.5X valuation, my Cash LTIP pays $325,000. while the Stock Option LTIP grant pays approximately $1,500,000. for recipients whose job level and grade is similarly situated to my own.
>
> Subsequent option grants were provided to two of the four senior-level employees cited above. One was granted in 2019 and the other in early 2021. Their job level criteria were remarkably lesser than my own and both employees are considerably younger than me.
>
> Seemingly, the only differentiator among the entire optionee group seems to be age. The two of us who still have not received options are over age 65. My job level, grade, salary, bonus target, service tenure, and reportability criteria were all comparable to, or greater than, other recipients of the options.
>
> When I received the Cash LTIP, I was told by my then-boss that the Cash LTIP was better than the Stock Option LTIP. Given the 'target' valuations and vesting criteria above, I cannot reconcile that statement at this time.

5

> I understood there was to be an evaluation of, and a response to, what took place with the stock option awards. Given it's been over two months without any follow up after our discussion, I thought I would ask you for a status update. I am again requesting to receive a similarly valued Stock Option LTIP grant.

34.    Plaintiff received no response to his above email.

35.    On November 29, 2021, in an email to Albright and Chamulak, Plaintiff asked for a response to his above email.

36.    On November 29, 2021, in a response email from Albright, she stated the following: "The topic is being discussed, but there is no further information at this time."

37.    When Plaintiff asked if she could provide him with an anticipated response date, Albright responded that she could not.

38.    In November 2021, Defendant terminated Susan Sedwin ("Sedwin") (69), Vice President, Human Resources, effective February 25, 2022.

39.    On or about December 13, 2021, Defendant hired Martino (50).

40.    On or about December 16, 2021, in an email from Waksman, copying Albright, he stated the following: "We expect to be in position by the end of January to have a substantive discussion regarding this matter."

41.    In January 2022, Defendant hired Memecan (50), to start on or about February 14, 2022.

42.    On or about January 24, 2022, in a meeting with Albright and Waksman, Defendant terminated Plaintiff's employment, effective February 11, 2022.

43.    The stated reason was that Plaintiff was unhappy and not fully engaged at Defendant.

6

44.    Plaintiff understood this comment to be referring to his age discrimination complaint.

45.    Plaintiff was told that he would be obligated to transition his duties to his replacement.

46.    Plaintiff was given a document that falsely stated that he resigned from Defendant.

47.    On January 27, 2022, in an email to Albright, copying Waksman, Plaintiff complained of age discrimination and retaliation and stated the following:

> I want to follow up on our January 24 Monday morning phone call.
>
> I was extremely surprised by that conversation. Do I correctly understand that my employment with TPI has been terminated? I received a document after the call falsely stating that I voluntarily resigned. I did not resign.
>
> What I was told during the conversation sounded flagrantly retaliatory and age-biased against me.
>
> What are my options, if any? Kindly advise

48.    On or about January 31, 2022, in a meeting with Albright, she confirmed that Plaintiff's employment was terminated, effective February 11, 2022.

49.    Defendant terminated Plaintiff's employment approximately ten (10) weeks after he engaged in protected activity.

50.    Defendant terminated Plaintiff's employment because of his age and/or his complaints of age discrimination.

51.    Defendant failed to compensate Plaintiff as much as younger employees were compensated because of his age.

7

52. This includes, without limitation, failing to provide Plaintiff with the stock options that were provided to younger, less-qualified employees (as address in Plaintiff's complaints, including his November 15, 2021 email, set forth above).

53. Plaintiff was the only employee who was notified of termination on January 24, 2022.

54. Defendant retained all the younger employees reporting to Albright.

55. None of the other employees reporting to Albright as of Plaintiff's termination had complained of discrimination.

56. Defendant assigned Plaintiff's job duties and responsibilities to Martino (50).

57. Plaintiff was more qualified to perform his job duties and responsibilities than the substantially younger employees who did not complain of age discrimination to whom Defendant assigned his job duties and responsibilities.

58. As of Plaintiff's termination, Defendant retained substantially younger employees who had not complained of age discrimination in positions for which Plaintiff was as, if not more, qualified.

59. Plaintiff had no opportunity or option to remain employed with Defendant.

60. Plaintiff had no disciplinary or performance issues throughout his employment.

61. Before the termination meeting, Plaintiff had no indication his job was in jeopardy.

62. Defendant's conduct and comments evidence a bias against older employees.

63. Defendant's conduct and comments evidence a bias against employees who engage in protected activity.

64. Defendant's age discrimination and retaliation against Plaintiff has caused him emotional distress.

65.    Plaintiff's age and/or his complaints of discrimination were motivating and/or determinative factors in Defendant's decision to undercompensate Plaintiff.

66.    Plaintiff's age and/or his complaints of discrimination were motivating and/or determinative factors in Defendant's decision to terminate Plaintiff.

67.    As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

68.    The conduct of Defendant was willful under the circumstances and warrants the imposition of liquidated damages.

69.    Defendant's retaliatory conduct directed toward Plaintiff as set forth herein would dissuade a reasonable employee from raising concerns of discrimination.

## COUNT I
## (VIOLATION OF THE ADEA)

70.    Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

71.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the ADEA.

72.    Defendant's violation of the ADEA was intentional and willful under the circumstances, warranting the imposition of liquidated damages.

73.    As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

74.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

75.    No previous application has been made for the relief requested herein.

### COUNT II
### (VIOLATION OF THE PHRA)

76.    Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

77.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the PHRA.

78.    As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

79.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

80.    No previous application has been made for the relief requested herein.

### RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

  a.    declaring the acts and practices complained of herein to be a violation of the ADEA and the PHRA;

  b.    enjoining and restraining permanently the violations alleged herein;

10

c.    awarding Plaintiff damages for lost compensation, back pay, front pay, and pre- and post-judgment interest, including, without limitation, the lost value of the stock options that Defendant unlawfully failed to provide to Plaintiff;

d.    awarding compensatory damages to Plaintiff for past and future emotional distress and pain and suffering;

e.    awarding liquidated damages under the ADEA;

f.    awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

g.    awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA; and

h.    granting such other and further relief as this Court deems appropriate.

Respectfully submitted,

**CONSOLE MATTIACCI LAW, LLC**

By:    /s/ Kevin Console
       KEVIN CONSOLE, ESQ.
       1525 Locust Street
       Philadelphia, PA 19102
       kevinconsole@consolelaw.com (email)
       (215) 545-7676 (office)

Dated: 9/15/2023                    *Attorneys for Plaintiff, Ronald Spera*

11

# Exhibit 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## **COMPLAINT**

|  |  |
|---|---|
| COMPLAINANT: | : |
| **RONALD SPERA** | :   Docket No. |
| v. | : |
| RESPONDENT: | : |
| **TEKNI-PLEX, INC.** | : |

1.  The Complainant herein is:

    Name:      Ronald Spera

    Address:      ███████████
                  Levittown, PA 19056

2.  The Respondent herein is:

    Name:      Tekni-Plex, Inc.

    Address:      460 E. Swedesford Road, Suite 3000
                  Wayne, PA 19087

3.  I, Ronald Spera, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (67) and retaliation because of my complaints of age discrimination, as set forth below.

### **Discrimination and Retaliation**

    **A.  I specifically allege:**

[1]       I was hired by Respondent on or about August 3, 2009.

[2]       I had more than twelve (12) years of service at Respondent.

[3]        My birth date is ▮▮▮▮▮▮▮▮, and I am age sixty-seven (67).

[4]        I consistently performed my job duties in a highly competent manner.

[5]        I last held the position of Vice President, Global Human Resources.

[6]        I last reported to Beth Albright (55[1]), Chief Human Resources Officer, who reported to Brenda Chamulak (50), Chief Executive Officer.

[7]        On or about August 11, 2021, I began reporting to Albright.

[8]        I was the oldest employee reporting to Albright.

[9]        At the time of my termination, the following employees reported to Albright.  I was as, if not more, qualified for each of these employees' positions, except for Bernholdt's position.

      (a)  Lindsay Walker (41), Vice President, Human Resources, Healthcare Division;

      (b)  Susie Bernholdt (44), Senior Director, Global Talent Management;

      (c)  Emre Memecan (50), Vice President, Human Resources, Consumer Products Division;

      (d)  John Martino (50), Senior Director, Global Human Resources Operations.

[10]        In June 2018, Respondent hired Bernholdt (44).

[11]        In March 2020, Respondent hired Walker (41).

[12]        On or about August 25, 2021, in a meeting with Albright and David Waksman (55), General Counsel and Chief Legal Officer, I asked why I was not provided with a similarly valued stock option award like my peers were provided, and why I was only provided a

---

[1] All ages herein are approximations.

far lesser valued cash long term incentive plan.  I was told that my concerns would be investigated.

[13]    I received no follow-up to my above request.

[14]    On November 15, 2021, in an email to Albright, I complained of age discrimination and stated the following:

> I am following up on an issue we discussed on or around Aug 25 concerning Tekni-Plex stock option awards.
>
> I learned then that I was one of only four senior-level employees who did not receive a Stock Option LTIP in Feb 2018, following TPI's purchase by Genstar.  All four of us had been prior optionees under the previous private equity owner NQSO plan.  Instead, the four of us received a Cash LTIP in May 2018.
>
> Both the cash and the options awards are triggered by a Change Of Control.  However, while the cash is only paid out upon a transaction and its value capped, a portion of the options vest over a time-based schedule and the grant value is uncapped.
>
> As we discussed in August, the potential value of the Cash LTIP pales in comparison to the potential value of the Stock Option LTIP.  At the perceived 'target' 2.5X valuation, my Cash LTIP pays $325,000. while the Stock Option LTIP grant pays approximately $1,500,000. for recipients whose job level and grade is similarly situated to my own.
>
> Subsequent option grants were provided to two of the four senior-level employees cited above.  One was granted in 2019 and the other in early 2021. Their job level criteria were remarkably lesser than my own and both employees are considerably younger than me.
>
> Seemingly, the only differentiator among the entire optionee group seems to be age.  The two of us who still have not received options are over age 65.  My job level, grade, salary, bonus target, service tenure, and reportability criteria were all comparable to, or greater than, other recipients of the options.
>
> When I received the Cash LTIP, I was told by my then-boss that the Cash LTIP was better than the Stock Option LTIP.  Given the

'target' valuations and vesting criteria above, I cannot reconcile that statement at this time.

I understood there was to be an evaluation of, and a response to, what took place with the stock option awards. Given it's been over two months without any follow up after our discussion, I thought I would ask you for a status update. I am again requesting to receive a similarly valued Stock Option LTIP grant.

[15]     I received no response to my above email.

[16]     On November 29, 2021, in an email to Albright and Chamulak, I asked for a response to my above email.

[17]     On November 29, 2021, in a response email from Albright, she stated the following: "The topic is being discussed, but there is no further information at this time."

[18]     When I asked if she could provide me with an anticipated response date, she responded that she could not.

[19]     In November 2021, Respondent terminated Susan Sedwin (69), Vice President, Human Resources, effective February 25, 2022.

[20]     On December 13, 2021, Respondent hired Martino (50).

[21]     On December 16, 2021, in an email from Waksman, copying Albright, he stated the following: "We expect to be in position by the end of January to have a substantive discussion regarding this matter."

[22]     In January 2022, Respondent hired Memecan (50), to start February 14, 2022.

[23]     On January 24, 2022, in a meeting with Albright and Waksman, Respondent terminated my employment, effective February 11, 2022.  The stated reason was that I was unhappy and not fully engaged at Respondent.  I understood this comment to be referring

to my age discrimination complaint.  I was told that I would be obligated to transition my duties to my replacement.  I was given a document that falsely stated that I resigned from Respondent.

[24]    On January 27, 2022, in an email to Albright, copying Waksman, I complained of age discrimination and retaliation and stated the following:

> I want to follow up on our January 24 Monday morning phone call.
>
> I was extremely surprised by that conversation. Do I correctly understand that my employment with TPI has been terminated? I received a document after the call falsely stating that I voluntarily resigned. I did not resign.
>
> What I was told during the conversation sounded flagrantly retaliatory and age-biased against me.
>
> What are my options, if any? Kindly advise.

[25]    On January 31, 2022, in a meeting with Albright, she confirmed that my employment was terminated, effective February 11, 2022.

[26]    Respondent terminated my employment within ten (10) weeks of my engaging in protected activity.

[27]    Respondent terminated my employment because of my age and/or my complaints of age discrimination.

[28]    Respondent failed to compensate me as much as younger employees were compensated because of my age.

[29]    I was the only employee who was notified of termination on January 24, 2022.

[30]    Respondent retained all the younger employees reporting to Albright who had not engaged in protected activity.

[31]    Respondent assigned my job duties and responsibilities to Martino (50).  I was more qualified to perform my job duties and responsibilities than the substantially younger employees who did not complain of age discrimination to whom Respondent hired and assigned my job duties and responsibilities.

[32]    Respondent retained substantially younger employees who had not complained of age discrimination in positions for which I was as, if not more, qualified when I was terminated.

[33]    I had no opportunity or option to remain employed with Respondent.

[34]    I had no disciplinary or performance issues throughout my employment.

[35]    Before the termination meeting, I had no indication my job was in jeopardy.

[36]    Respondent's conduct and comments evidence a bias against older employees.

[37]    Respondent's conduct evidences a bias against employees who engage in protected activity.

[38]    Respondent's age discrimination and retaliation against me has caused me emotional distress.

B.  Based on the aforementioned, I allege that Respondent has discriminated against me because of my age (67) and retaliated against me because of my objection to age discrimination, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.       The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   **X**      **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):   (a); (d)**

         Section 5.1 Subsection(s) _____

         Section 5.2 Subsection(s) _____

         Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.       Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

   **X**      **This charge will be referred to the EEOC for the purpose of dual filing.**

6.       The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

14 Feb. 2022
(Date Signed)          (Signature)    Ronald Spera

Levittown, PA 19056

# Exhibit 2

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Ronald J. Spera**

~~[REDACTED]~~

**Levittown, PA 19056**

From:  **Philadelphia District Office**
**801 Market St, Suite 1000**
**Philadelphia, PA 19107**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2023-60276** | **Damon Johnson,**<br>**State, Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

> More than 180 days have passed since the filing of this charge.

> The EEOC is terminating its processing of this charge.

*Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** \*of your receipt of this Notice.\* Otherwise, your right to sue based on the above-numbered charge will be lost.*

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough
6/20/2023

**Karen McDonough**
**Deputy District Director**

Enclosures(s)

cc:  **For Respondent**
Manager Human Resources
Tekni-Plex, Inc.
460 E. Swedesford Road, Suite 3000
Wayne, PA 19087

**For Charging Party**
Kevin Console, Esq.
Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102